UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. BURTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. SILVA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:25-cv-01164-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 6)<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Jerry A. Burton is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

### I.　　INTRODUCTION

Plaintiff initiated this action by filing a complaint on September 9, 2025. (Doc. 1.)

On September 12, 2025, the Court ordered Plaintiff to submit an application to proceed *in forma pauperis* (IFP) or to pay the filing fee within 45 days. (Doc. 4.)

On September 22, 2025, Plaintiff submitted his application to proceed IFP. (Doc. 6.) The application was accompanied by an Inmate Statement Report dated July 29, 2025. (*Id.* at 4-5.)

On September 23, 2025, the Clerk of the Court directed the California Department of Corrections and Rehabilitation (CDCR) to submit an updated inmate trust statement for Plaintiff, including activity for the previous six months. (Docket Entry 7 [Clerk's Notice].) CDCR filed a current Inmate Statement Report on September 26, 2025. (Doc. 8.)

## II.     DISCUSSION

In the July 2025 Inmate Statement Report provided by Plaintiff, the starting balance on January 29, 2025, was $678.97 and the available balance on July 29, 2025, was $850.85. (Doc. 6 at 4.) The report indicates Plaintiff received a total of $1,975 in JPAY deposits between late January and late July 2025 and spent $1,774.95 in SALES during the same period. (*Id*.)

In the current September 26, 2025, Inmate Statement Report, Plaintiff's starting balance on March 1, 2025, was $494.27 and the available balance on September 26, 2025, was $784.30. (Doc. 8.) The report also reflects that between March 1, 2025, and September 26, 2025, Plaintiff received fourteen JPAY deposits totaling $2,255. (*Id*. at 1.) During that same period, Plaintiff made seven SALES purchases for a total of $2,038.10. (*Id*.) The report reflects Plaintiff has fulfilled his restitution and has no other financial obligations. (*Id*. at 2.)

During the nearly seven-month period between March 1 and September 26, 2025, Plaintiff received an average of $322 a month in JPAY deposits. He spent all but approximately $215 of the $2,255 deposited funds on SALES transactions. Prisoners, unlike non-prisoner litigants, are in state custody "and accordingly have the 'essentials of life' provided by the government." *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002). And although the Ninth Circuit Court of Appeals has held that "the filing fee ... should not take the prisoner's last dollar," *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995), the information reflected in Plaintiff's Inmate Statement Report dated September 26, 2025, reveals he had sufficient funds, specifically, $807.55, on September 9, 2025, to pre-pay the full $405 filing fee to initiate this action. (Doc. 8 at 1.) The report also indicates Plaintiff will have adequate funds remaining for any incidental personal or commissary expenses. (*Id*.) As a result, the undersigned finds Plaintiff is not entitled to proceed IFP. *See, e.g*., *Davis v. Doerer*, No. 1:24-cv-01498 JLT SKO (PC), 2025 WL 915786, at *1 (E.D. Mar. 26, 2025) (finding plaintiff had sufficient funds to pay the full filing fee at the time he filed the complaint and ordering payment of $405 within 30 days); *Thomas v. Okwanoko*, No. 1:23-cv-00027-EPG (PC), 2023 WL 3571144, at *1 (E.D. Cal. Apr. 27, 2023) (recommending IFP be denied because the prisoner "received more than enough funds to pay the filing fee prior to filing this case"), recommendation adopted, 2023 WL 4305451 (E.D. Cal. June 30, 2023); *Hammler v.*

*Dignity Health*, No. 1:20-cv-01778-JLT-HBK, 2022 WL 206757, at *2 (E.D. Cal. Jan. 24, 2022) ("A court need not authorize a party to proceed in forma pauperis where that individual had the funds to pay the filing fee, but subsequently chose to spend them elsewhere"), recommendation adopted, 2023 WL 4305451 (E.D. Cal. June 30, 2023).

In sum, the Court concludes Plaintiff is not entitled to proceed IFP because he presently has, and will continue to have, sufficient funds with which to pay the full filing fee for this action. Therefore, the Court will recommend Plaintiff's IFP application be denied and he be ordered to pay the $405 filing fee for this action within 30 days.

### III.   CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is **DIRECTED** to randomly assign a district judge to this action.

Based on the foregoing, the Court **RECOMMENDS** that:

1. Plaintiff's application to proceed IFP (Doc. 6) be DENIED and Plaintiff be precluded from proceeding IFP in this action; and

2. Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations

//

//

//

under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

IT IS SO ORDERED.

Dated:    **September 29, 2025**               /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE